IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VOLROSE MARCIA AJAYI,
   *Plaintiff*,

v.

ECMC,
   *Defendant*.

Civil Action No. ELH-17-43

**MEMORANDUM**

Volrose Marcia Ajayi, the self-represented plaintiff, filed suit against defendant "ECMC," more properly known as Educational Credit Management Corporation. ECMC is a not-for-profit loan guaranty agency in the Federal Family Education Loan Program ("FFELP"),[1] and provides guarantor services to the U.S. Department of Education. ECF 17 at 1 n.1. Plaintiff seeks to bar ECMC's garnishment of her wages, caused by her default on a student loan that she obtained in 2002 from Sallie Mae. ECF 1 (Complaint); ECF 13 at 2. The garnishment went into effect on July 13, 2016. ECF 10-4.

Plaintiff claims, in various submissions, that Sallie Mae—not ECMC—is the proper holder of her debt, and therefore ECMC may not collect it. ECF 13 at 2. Further, plaintiff alleges that ECMC began garnishing her wages without providing her with proper notice and in contravention of the regulation prohibiting garnishment if the debtor has not been employed for at least twelve months. *Id.* at 4. And, she asserts that the garnishment is not lawful because it causes plaintiff and her family undue hardship, in that she is "the sole breadwinner" of the

---

[1] The FFELP is authorized as part of the Higher Education Act of 1965, as amended, codified at 20 U.S.C. §§ 1071, *et seq*, with regulations promulgated at 34 C.F.R. pt. 682.

family, which includes both a disabled child and a disabled spouse.  ECF 1; ECF 13.  According to plaintiff, defendant has violated 20 U.S.C. § 1095a and 34 C.F.R. § 682.410.  ECF 1 at 4.

On January 6, 2017, the same date that plaintiff filed suit, she also filed a "Motion of Objection to Garnishment of My Wages by ECMC, Collection Agency."  ECF 4.  Defendant responded (ECF 15), and plaintiff replied.  ECF 16.  By Order of June 15, 2017 (ECF 22), I determined to construe ECF 4 as a supplement to the Complaint ("Supplement"), rather than a motion.

ECMC was served on February 27, 2017.  ECF 9.  On March 22, 2017, ECMC moved to dismiss the suit or, in the alternative, for summary judgment, on the ground that plaintiff has failed to exhaust her administrative remedies.  ECF 10.  The motion is supported by a memorandum (ECF 10-1) (collectively, "Motion") and exhibits.  Plaintiff opposes the Motion.  ECF 13 ("Opposition").  Defendant has replied.  ECF 19.

On March 24, plaintiff filed a "Motion to Award Relief and Punitive Damage[s] Against ECMC, Collection Agency" (ECF 12, "Motion to Award Relief").  Apparently, the Motion to Award Relief was mailed before plaintiff was aware of the filing of the Motion.  In ECF 12, plaintiff seems to request an entry of default against defendant, with additional allegations.  Defendant opposes the Motion to Award Relief.  ECF 17.  Thereafter, plaintiff filed a "Motion to Strike Out 'Motion to Dismiss' Filed by ECMC with the Court."  ECF 14 ("Motion to Strike").  ECMC opposes the Motion to Strike (ECF 18), and plaintiff replied.  ECF 20.

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion and deny the Motion to Award Relief and the Motion to Strike.

## I. The Statute and Regulations

When a student loan borrower fails to repay a debt, and the U.S. Department of Education assumes the liability for that debt, 20 U.S.C. § 1095a allows the Department of Education or an authorized "guaranty agency"[2] to garnish the pay of a borrower if the borrower does not have a repayment plan, provided that the garnishment complies with a number of requirements. In particular, (1) the amount deducted per pay period may not exceed 15 percent of disposable pay; (2) the borrower must be given notice at least 30 days before the garnishment begins; (3) the borrower must be allowed to inspect and copy records related to the debt; (4) the borrower must be allowed to enter a payment plan; (5) the borrower is entitled to a hearing concerning the amount, existence, and terms of the debt; (6) the guaranty agency may sue an employer for non-compliance; (7) the borrower must have been employed for 12 months before garnishment may begin or resume; and (8) an employer may not terminate a borrower because the borrower's wages are garnished. 20 U.S.C. § 1095a(a)(1)-(8).

As indicated, the borrower is entitled to a hearing to challenge the existence, amount, or terms of the debt. *Id.* § 1095a(a)(5). A borrower must request a hearing in writing. *Id.* § 1095a(b); 34 C.F.R. § 682.410(9)(i)(E)(2). If the borrower does so, the guaranty agency is required to provide a hearing in time to enable a final decision within 60 days of the borrower's request. 34 C.F.R. § 682.410(9)(i)(F).

---

[2] A guaranty agency is "[a] State or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the [Higher Education] Act." 34 C.F.R. § 682.200. Notably, a guaranty agency need not *be* a government entity—it need only have an *agreement* with, and owe a fiduciary obligation to, the U.S. Department of Education. *See id.* § 682.410(a)(5); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1033 (9th Cir. 2009).

The hearing official, who presides over the hearing, is appointed by the guaranty agency from which the borrower seeks relief. *Id.* § 682.410(9)(i)(I). The hearing official may be "any qualified individual, including an administrative law judge." *Id.* However, the regulation cautions that "[u]nder no circumstance may the hearing official be under the supervision or control of the head of the guaranty agency," although "[p]ayment of compensation by the guaranty agency . . . does not constitute impermissible supervision or control . . . ." *Id.*

At the hearing, the borrower may object to, *inter alia*, the garnishment of her wages, if the amount or rate of garnishment would cause financial hardship to the borrower and the borrower's dependents. *Id.* § 682.410(9)(i)(F)(2).

Neither the statute nor the regulation expressly provides for appeal or judicial review as to the hearing official's final decision.

## II.  Plaintiff's Allegations

Plaintiff is *pro se*. Therefore, I must construe her pleadings liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As noted, the Complaint alleges that defendant failed to follow the requirements of 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 by unlawfully garnishing plaintiff's wages. ECF 1 at 4.

In support of her position, plaintiff avers that the garnishment causes her family substantial hardship. *Id.* at 5, 6. Further, plaintiff alleges that ECMC has "no judgement [sic] from any court authorizing the garnishment." *Id.* at 6. As relief, plaintiff seeks immediate termination of the garnishment and a refund of wages that were already garnished. ECF 1 at 8.

In her Supplement, plaintiff realleges that the garnishment has caused hardship to her family, and she contends that defendant has "not followed or obeyed" a number of provisions of 20 U.S.C. § 1095a. ECF 4 at 1. In her Opposition, plaintiff alleges that ECMC violated several

provisions of the statute: defendant failed to provide plaintiff with 30 days' notice in advance of the garnishment, or notice of plaintiff's rights (ECF 13 at 3), in violation of 20 U.S.C. § 1095a(a)(2)[3]; plaintiff's wages were garnished without the opportunity for a hearing (ECF 12 at 3-4), in violation of § 1095a(a)(5); and the garnishment went into effect before plaintiff was reemployed for a period of twelve months (ECF 12 at 4), in violation of § 1095a(a)(7).

Plaintiff also alleges in her Motion to Strike that the Master Promissory Note, which defendant presents as evidence of the debt, is a forgery. ECF 14 at 3.[4] Moreover, she disputes the amount owed on the debt. *Id.*[5]

### III. The Motions

As noted, three motions are pending: defendant's Motion; plaintiff's Motion to Award Relief; and plaintiff's Motion to Strike. Because the second and third motions, if granted, would each render the first one moot, I shall consider them first.

### A. Motion to Award Relief

Plaintiff's Motion to Award Relief asks the Court to enter a default judgment against ECMC and award plaintiff the relief she seeks in her Complaint. ECF 12 at 1-2. In support of

---

[3] ECF 10-3 is a "Notice Prior to Wage Withholding," dated June 9, 2016, addressed to plaintiff, providing 30 days' notice as to garnishment with respect to a debt of $14,549.62. It also instructs: "You must establish a repayment agreement with ECMC within 30 days . . . ." A phone number is provided. In addition, it states: "You have the right to request a hearing, within 30 days of the date of this Notice, for any objection," including "financial hardship . . . ." Plaintiff asserts that the date on this letter was falsified. ECF 14 at 2.

[4] The Borrower is identified as Volrose M. Richards. ECF 10-2. The Promissory Note is dated November 20, 2002, and was signed electronically.

[5] The allegations in plaintiff's Opposition and Motion to Strike are not included in either plaintiff's Complaint or her Supplement. Therefore, I cannot consider them with respect to the Motion. A plaintiff cannot amend a complaint or cure its deficiencies through subsequent submissions. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). However, even if I were to consider them, they would not alter the outcome.

the Motion to Award Relief, plaintiff states that defendant did not respond to the Complaint in the 21 days allotted under Fed. R. Civ. P. 12(a). *Id.* at 2.

In response to plaintiff's Motion to Award Relief, defendant states that it did not accept service until March 1. ECF 17, ¶ 2. Defendant refers to an attachment corroborating this statement (*id.*), but no such attachment appears to be docketed. Further, ECMC avers that under Fed. R. Civ. P. 4(h), plaintiff failed to properly serve it, because plaintiff only sent the summons via regular mail to a post office box. *Id.* at n.2.

The record shows that service of the summons was accepted via certified mail on February 27, 2017. ECF 9. Therefore, defendant's response was due on March 20, 2017. Fed. R. Civ. P. 12(a)(1)(A)(i). But, defendant did not file its Motion until March 22, 2017. ECF 10.

Clearly, plaintiff suffered no prejudice from, at most, a two-day delay in defendant's response to the Complaint. Moreover, the Fourth Circuit has consistently expressed a "strong preference that cases be decided on their merits." *Aikens v. Ingram*, 652 F.3d 496, 523 (4th Cir. 2011). *See also, e.g.*, *U.S. v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003). Therefore, I shall deny plaintiff's Motion for Relief.

### B. Motion to Strike

Plaintiff's Motion to Strike seeks to strike defendant's Motion. ECF 14. There is no basis to do so. However, to the extent that the Motion to Strike is responsive to defendant's Motion, I shall construe it as a supplement to plaintiff's Opposition (ECF 13).

### C. Motion to Dismiss

Defendant moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, seeks summary judgment pursuant to Fed. R. Civ. P. 56(a). Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity

for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). The Fourth Circuit has said: "In general, summary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Given the posture of this case, I shall construe the Motion as a motion to dismiss.

### 1. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to

satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer"

that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains,* gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d

449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

In this case, ECMC's exhibits are largely integral to the Complaint. However, plaintiff disputes the authenticity of ECF 10-2 and ECF 10-3. In any event, given my disposition, I need not consider the defense exhibits.

## 2. Discussion

Defendant moves to dismiss solely on the basis that plaintiff failed to exhaust her available administrative remedies. ECF 10-1 at 5. The statute and applicable regulation clearly provide for an administrative remedy, in the form of a hearing with the guaranty agency. *See* 20 U.S.C. § 1095a(a)(5); 34 C.F.R. § 682.410(9)(i)(E)(2).

In her Opposition, plaintiff maintains that such a hearing would be futile for her purposes. She insists that she received no notice of the impending garnishment, in violation of the statute (ECF 13 at 4-5), and that because the garnishment was either imminent or had already begun by the time she was aware of it, a request for a hearing would not then and will not now halt the garnishment of her wages. *Id.* at 5-6. She argues that therefore only this Court can order a halt to the garnishment. *Id.* at 6.

Plaintiff does not contest that she has not availed herself of the administrative process, as provided in the statute and the applicable regulation. As the Fourth Circuit has repeatedly held, "[i]t is a 'long-settled rule of judicial administration that no one is entitled to judicial relief for a

supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Cavalier Tel., LLC. v. Virginia Elec. & Power Co.*, 303 F.3d 316, 322 (4th Cir. 2002) (citation omitted). *See also Reiter v. Cooper*, 507 U.S. 258, 269 (1993); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938); *Cason v. Holder*, 815 F. Supp. 2d 918, 924-25 (D. Md. 2011) ("[W]here administrative remedies are available, a plaintiff generally must exhaust such remedies before pursuing a judicial remedy." (citation omitted)), *aff'd*, 464 F. App'x 131 (4th Cir. 2012). Requiring administrative exhaustion "allow[s] an agency the opportunity to use its discretion and expertise to resolve a dispute without premature judicial intervention and . . . allow[s] the courts to have [the] benefit of an agency's talents through a fully developed administrative record." *Thetford Properties IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 448 (4th Cir. 1990).

In support of its Motion, defendant relies on two federal district court cases: *Bowers v. Pennsylvania Higher Educ. Assistance Agency*, 10-CIV-8675-PKC, 2011 WL 3585986 (S.D.N.Y. July 29, 2011), and *Ogunmokun v. Am. Educ. Servs./PHEAA*, 12-CV-4403 RRM JO, 2014 WL 4724707 (E.D.N.Y. Sept. 23, 2014).

In *Bowers*, 10-CIV-8675-PKC, 2011 WL 3585986, at *1, the plaintiff's wages were garnished and her tax returns were offset by a guaranty agency in order to satisfy a debt on which she had never defaulted—and on which a state agency agreed she had never defaulted. She filed suit in federal court to challenge the garnishment and the offset, and to collect damages for the harassment. *Id.* The district court granted the defendant guaranty agency's motion to dismiss her claim, concluding that the plaintiff did not have a private right of action under the Higher Education Act (*id.* at *2-3), and that the plaintiff had failed to exhaust her administrative remedies with the guaranty agency. *Id.* at *4-6.

In *Ogunmokun*, 12-CV-4403-RRM JO, 2014 WL 4724707 at *1, the plaintiff brought a multi-part claim against a number of defendants, claiming his student loans had been fraudulently consolidated due to identity theft. *Id.* at *1-2, 4. The court determined that the plaintiff "failed to comply with any aspect of the detailed regulatory procedure" available to challenge consolidated student loan debt on the basis of identity theft. *Id.* at *4.

Moreover, as to the IRS's confiscation of the plaintiff's tax refund to offset his student loan debt, the court concluded that plaintiff failed to pursue his administrative remedies under 34 C.F.R. § 682.410(b). *Id.* at *5. Noting that plaintiff "simply never bothered" to pursue an administrative "solution," the court ruled that plaintiff's suit was "procedurally foreclosed based on his failure to exhaust available administrative remedies." *Id.*

*Bowers* and *Ogunmokun* are notably similar to this case. Because no court in the Fourth Circuit appears to have ruled on a claim pertaining to this precise regulation, these cases are instructive. Therefore, I conclude that plaintiff's claim is premature because she has failed to pursue administrative remedies.

Plaintiff may be correct that pursuing such an administrative remedy would not give her the immediate relief she seeks, *i.e.*, immediate cessation of the wage garnishment. However, the statute simply does not provide for the immediate suspension of garnishment after it has begun. Congress and the Department of Education have provided for a borrower to request an administrative hearing. As defendant notes, plaintiff may still request such a hearing, *and* the request must be granted. ECF 10-1 at 9.

## IV. Conclusion

For the reasons stated above, I shall GRANT defendant's motion to dismiss, and I shall DENY plaintiff's Motion for Relief and her Motion to Strike.

An Order follows, consistent with this Memorandum.

Date: October 3, 2017 /s/
Ellen L. Hollander
United States District Judge